PER CURIAM.
Michael Gooding appeals from a final order denying his two-claim motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm as to the denial of the two claims but reverse for the postconviction court to readdress a cost issue.
Michael Gooding pleaded guilty to multiple charges in twelve circuit court cases. He was sentenced to concurrent terms of three years in prison followed by probation. His rule 3.800(a) motion challenges only the costs imposed in conjunction with his sentences. In effecting certain corrections requested by Gooding in his motion, the postconviction court additionally directed the clerk to add to ten of the twelve judgments and sentences the $100 attorney’s fee required for felony convictions by section 938.29(l)(a), Florida Statutes (2009, 2010). Although “[t]he court shall include these fees and costs in every judgment rendered against the convicted person,” id., the original trial court had included the fee in only two of the judgments and sentences.
Notwithstanding this statutory provision, we conclude that a defendant’s filing of a motion to correct illegal sentence should not provide the postconviction court with an opportunity to impose additional trial-level costs on the defendant. We therefore reverse and direct the postcon-viction court on remand to remove the $100 attorney’s fee from the judgments and sentences in case numbers 10-CF-2082, 10-CF-2084, 10-CF-3245, 10-CF-3246, 10-CF-3247, 10-CF-3741, 10-CF-3742, 10-CF^1470, 10-CF-4602, and 10-CF-11286.
Reversed and remanded with instructions.
ALTENBERND, CASANUEVA, and CRENSHAW, JJ., Concur.